VALLEY FORGE LIFE
INSURANCE COMPANY *v.* Ollie GASKINS

78-149                                      573 S.W. 2d 630

Opinion delivered December 4, 1978
(Division I)

*Frierson, Walker, Snellgrove & Laser,* for appellant.

*David Hodges,* of *Hodges & Hodges,* for appellee.

GEORGE ROSE SMITH, Justice. The appellee, following two brief periods of hospitalization, brought this action upon a sickness and accident policy to recover the entire hospital charges, totaling $1,436.20. The appellant, relying upon the benefit provisions of the policy, asserted that it was liable for only $312.00 and offered to confess judgment for that amount. The trial judge, sitting without a jury, found the policy to be ambiguous (without pointing out the ambiguity) and entered judgment for the amount sued for, with penalty and attorney's fee. The appellant still insists that it is liable for only $312.

The appellee does not pinpoint any ambiguity in the policy, and we find none. Instead, the appellee argues, in effect, that the appellant's abstract is not sufficient to exclude the possibility of ambiguity, so that the judgment should be affirmed.

We find the appellant's abstract to be in strict compliance with Rule 9. The appellee argues, first, that the entire policy has not been abstracted. Rule 9 (d) provides, however, that the abstract is to be a condensation *only* of material parts of the record. Here the insurance policy, a document of substantial length, would require an abstract of ten pages or more, but no reason is shown why the court need be familiar with the whole policy. If the appellee thought that other provisions in the policy were pertinent, in addition to those copied by the appellant, she could easily have abstracted them. It will not do for her merely to say that *perhaps* something has been omitted. That assertion could always be made, defeating the purpose of our insistence upon brevity.

The appellee argues, second, that the hospital bills have not been abstracted. Only their amount, not their contents, is pertinent. Finally, it was perfectly permissible for the appellant to quote the material paragraphs of the policy in its opening statement and in its brief, with an appropriate cross-reference in the abstract. When the exact language of a short

excerpt from the record, such as a paragraph in a contract or an instruction given or refused, is in issue, it is often a convenience to the court for the language to be quoted in the course of counsel's argument rather than in the abstract. We have never discouraged that procedure.

The judgment is reduced to $312 and affirmed.

We agree. HARRIS, C.J., and HOLT and HOWARD, JJ.